Jeffrey A. Simkovic
Billings Legal, PLLC
20 North 29th Street
Billings, Montana 59101
(406) 248-7000

*Attorney for Plaintiff*

## MONTANA THIRTEENTH JUDICIAL DISTRICT COURT
## YELLOWSTONE COUNTY, MONTANA

| | |
|---|---|
| RICHELLE DECOCK,<br><br>Plaintiff,<br><br>v.<br><br>SGS NORTH AMERICA, INC.,<br><br>Defendant. | Cause No.: DV 17-0462<br><br>Judge: INGRID GUSTAFSON<br><br>**VERIFIED COMPLAINT and**<br>**DEMAND FOR JURY TRIAL** |

COME NOW Plaintiff, RICHELLE DECOCK (the "Plaintiff"), by and through her attorney of record, and for her Verified Complaint against Defendant, SGS NORTH AMERICA, INC. ("SGS"), states as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is an individual who resides in Treasure County, Montana, and is over the age of eighteen years.

2. SGS is a Delaware corporation with its principal place of business in Rutherford, New Jersey. Defendant has offices in Bighorn County, Montana.

3. This Complaint concerns conduct by the Defendant, and harm that occurred to the Plaintiff, in Montana.

4. Venue is proper in Yellowstone County under Mont. Code Ann. § 25-2-122(2)(b) because SGS is a corporation incorporated in a state other than Montana and Plaintiff's attorney resides in Yellowstone County.

# EXHIBIT A

VERIFIED COMPLAINT - 1

## GENERAL ALLEGATIONS

5. SGS employed Plaintiff as a laboratory manager at the Absaloka Mine near Hardin, Montana, beginning in 2004.

6. In 2014 SGS began requiring Plaintiff to work fifty or sixty hours per week on a regular basis. Plaintiff was not eligible for overtime pay.

7. In or around September of 2015, Plaintiff visited her doctor because her health had been deteriorating as a result of her multiple sclerosis. Her doctor recommended that Plaintiff limit her work to no more than forty hours per week because the stress of working beyond that was aggravating her condition and causing debilitating symptoms.

8. Plaintiff provided her supervisor – Area Manager Connie Christianson ("Christianson") – with a note from Plaintiff's doctor indicating that Plaintiff must limit her work to no more than forty hours per week.

9. Christianson accommodated Plaintiff at first by saying that she could work no more than forty hours per week, but this accommodation did not last. The lab operates twenty-four hours a day and seven days a week. Plaintiff often had to work beyond her designated shift of 7:00 AM to 3:00 PM to make sure that the lab was never without another manager or the technicians, who were working rotating shifts but often left a gap because of vacation, sickness, or other absences. As a result, Plaintiff was still regularly working more than forty hours a week. In March of 2016, for example, Plaintiff worked twelve-hour shifts every day for thirteen days straight.

10. Plaintiff repeatedly brought these problems to the attention of Christianson and asked for additional help, but Christianson either ignored Plaintiff or disregarded her concerns. Plaintiff felt pressure to keep overtime costs low because she was not eligible for overtime pay

but the lab technicians were, which meant that Plaintiff kept having to work extra hours to cover for the shortages of technicians.

11. As a result of her excessive work and SGS's failure to accommodate her, Plaintiff took a turn for the worse as originally warned by her doctor. In April of 2016, her doctor placed her on an indefinite leave of absence from work, concluding that her health was so poor that she could not work even with accommodations.

12. SGS left Plaintiff with no reasonable alternative other than to leave her employment, which amounts to wrongful discharge.

## COUNT I

### Wrongful (Constructive) Discharge From Employment

### Mont. Code Ann. §§ 39-2-901 et seq.

13. Plaintiffs re-allege the allegations in Paragraphs 1 through 12 above.

14. SGS was Plaintiff's employer.

15. Plaintiff completed her period of probationary employment.

16. Plaintiff terminated her employment because of a situation created by SGS which an objective, reasonable person would find so intolerable that voluntary termination was the only reasonable alternative.

17. Plaintiff's discharge from employment was not for good cause.

18. Plaintiff's wrongful discharge from employment entitles her to the relief set forth below.

**WHEREFORE**, Plaintiff prays for judgment as follows:

1. For all lost wages and fringe benefits for a period of four years from the date of discharge;

2. For interest on her lost wages and fringe benefits;

3. For such other and further relief that the Court deems appropriate.

DATED this 30th day of March, 2017.

BILLINGS LEGAL, PLLC

Jeffrey A. Simkovic
Attorney for Plaintiffs

STATE OF MONTANA      )
                      : ss
County of Yellowstone )

### VERIFICATION

I, Richelle DeCock, hereby say that Richelle DeCock has read this petition and knows the contents thereof, and that the same is of his own knowledge information and belief, and as to those matters, she believes it to be true.

Richelle DeCock

Subscribed and sworn to before me this 30th day of March, 2017.

Notary Public
State of _____
Residence: _____
My commission expires: _____

EMILY KITTERMAN
NOTARY PUBLIC for the
State of Montana
Residing at Billings, Montana
My Commission Expires
July 08, 2019

VERIFIED COMPLAINT - 4

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable in this matter.

DATED this 30 day of March, 2017.

BILLINGS LEGAL, PLLC

*/s/ Jeffrey A. Simkovic*
Jeffrey A. Simkovic
Attorney for Plaintiff
